# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEREDITH FAZENDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV- 17-1291-F |
| (1) STATE OF OKLAHOMA *ex rel.* | ) |
| THE DEPARTMENT OF CONSUMER | ) |
| CREDIT, | ) |
| | ) |
| (2) SCOTT LESHER, an individual, and | ) |
| | ) |
| (3) RUBEN TORNINI, an individual, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### I.  SUMMARY

1. Plaintiff Meredith Fazendin ("Plaintiff") brings this lawsuit to recover damages under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), against her former employer, State of Oklahoma *ex rel.* The Department of Consumer Credit ("DOCC"). Plaintiff, a female, was the victim of intentional sexual discrimination and sexual harassment by her direct supervisor. When she reported the unlawful conduct, her employer terminated her. The reasons provided for her termination are demonstrably false and the DOCC knew the reasons were false at the time it terminated Plaintiff. This action seeks to recover lost wages and benefits, front pay or reinstatement, and other

1

compensatory damages that DOCC's intentional discrimination and retaliation caused Plaintiff, as well as pre- and post-judgment interest and attorney's fees and costs.

2. Plaintiff also brings claims against Scott Lesher and Ruben Tornini in their individual capacities for defamation. In her state law claims, Plaintiff seeks to recover lost wages and benefits, front pay, non-economic damages, punitive damages, pre-judgment and post-judgment interest, and any other relief afforded to her by the law.

## II.  JURISDICTION AND VENUE.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, *i.e.* 42 U.S.C. § 2000e *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law tort claims. 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.  THE PARTIES

5. Plaintiff Meredith Fazendin was employed at the DOCC until her termination on May 21, 2017. Plaintiff is a resident of the Western District of Oklahoma.

6. DOCC is an Oklahoma state agency that has its headquarters located within the Western District of Oklahoma.

7. Defendant Scott Lesher is the current Administrator of the DOCC. Defendant Lesher is a resident of the Western District of Oklahoma.

8. Defendant Ruben Tornini is the current Deputy Administrator of the DOCC. Defendant Tornini is a resident of the Western District of Oklahoma.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff is in a protected class under Title VII because she is a female and because she engaged in protected activity under Title VII.

10. Plaintiff was hired by the DOCC in January 2012 as a Legal Research Assistant.

11. In 2016, Plaintiff was promoted to the position of Director of Licensing for DOCC. As the Director of Licensing, Plaintiff initially reported to Defendant Lesher.

12. As the Director of Licensing, Plaintiff managed office examiners for the DOCC.

13. Shortly after she was promoted, Defendant Lesher began contacting Plaintiff in a manner that made her feel very uncomfortable. Defendant Lesher began calling Plaintiff in the evenings after she attended bowling league games.

14. Upon information and belief, Defendant Lesher had previously had a sexual relationship with his Chief of Staff, a subordinate female employee named Lindsi Lundy.

15. Plaintiff was aware of that relationship as were others in the office and she perceived that Defendant Lesher was trying to began such a relationship with her.

16. In March 2016, Defendant Lesher called Plaintiff after hours and asked how the bathroom remodel at her house was going. Defendant Lesher said that since Plaintiff did not have a bathtub, she could come by his house, have drinks, and use the hot tub. Defendant Lesher noted that his wife was in Haiti at the time.

17. It was obvious to Plaintiff that Defendant Lesher's intent was to engage in sexual activities with her due to the nature of his invitation.

3

18. A few months into Plaintiff's duties, Defendant Lesher told Plaintiff that, considering all the employment issues at the DOCC, it would be better if he did not supervise anyone directly so he could not be held directly accountable for any improper actions. Accordingly, Defendant Lesher made Deputy Director Ruben Tornini Plaintiff's direct supervisor.

19. When Defendant Tornini became Plaintiff's supervisor, he told Plaintiff that their "relationship would change."

20. Defendant Tornini became jealous of Plaintiff spending any time with Roy John Martin, who was the General Counsel for DOCC at the time. Defendant Tornini told Plaintiff that she needed to stop talking to Legal unless she wanted to go back there, in other words accept a demotion to her prior position as Legal Research Assistant. However, at the time that Defendant Tornini made these statements, it was necessary for Plaintiff to speak with Mr. Martin and others in the Legal Department in order to ensure the DOCC complied with all court deadlines. Defendant Tornini made sexual comments about Plaintiff's clothes and body to Roy John Martin.

21. Defendant Tornini, with Defendant Lesher's knowledge and consent, began a campaign of harassment and discrimination against Plaintiff. Defendant Tornini and Defendant Lesher excluded Plaintiff from all-male executive staff meetings, stripped her of her job duties, and constantly looked over her shoulder in a way that they did not with Plaintiff's counterpart, Drew S'Renco, the Chief Examiner.

22. In or around October 2016, Plaintiff complained to Administrator Scott Lesher about the sexual harassment and gender discrimination against her by both Lesher and Defendant Tornini.

23. In November 2016, Plaintiff was subjected to inappropriate discipline for dating a co-worker.

24. DOCC did not have any policy against dating co-workers.

25. The male who she was dating was not disciplined.

26. Defendant Lesher also had a history of having sexual relationships with co-workers.

27. In January 2017, Administrator Lesher and Deputy Administrator Tornini suspended Plaintiff from her employment. They did not tell her why. Plaintiff was suspended for several months without notice about the purported reason or reasons for the suspension.

28. During the time Plaintiff was suspended, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

29. In April 2017, while Plaintiff was still on a suspended status, Plaintiff notified the DOCC of a surgical procedure her doctor recommended and immediately the agency began efforts to terminate her employment. DOCC denied Plaintiff's request for FMLA and proceeded with her termination.

30. On May 21, 2017, the DOCC did in fact terminate Plaintiff's employment without giving her proper notice under Oklahoma law.

31. The DOCC, through Defendant Lesher and Defendant Tornini, has stated that it terminated Plaintiff because she made a series of unprofessional, profanity-laced telephone calls from a departmental telephone during the work day.

32. Plaintiff did not make the alleged telephone calls.

33. The DOCC's investigation revealed that Plaintiff did not make the alleged telephone calls, as Plaintiff's phone records objectively demonstrate.

34. Defendant DOCC, Defendant Lesher and Defendant Tornini knew that Plaintiff's phone records objectively demonstrated she did not make the alleged telephone calls from the beginning of Plaintiff's suspension until her termination.

35. Defendant Lesher and Defendant Tornini communicated the information about Plaintiff's termination to other persons outside of DOCC with the knowledge that the information was false.

36. Plaintiff filed a second Charge of Discrimination with the United States Equal Employment Opportunity Commission following her termination. Plaintiff received a Notice of Suit Rights on September 14, 2017, and this action is timely brought within 90 days.

## FIRST CAUSE OF ACTION AGAINST DOCC – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED – RETALIATION

37. Plaintiff incorporates by reference herein paragraphs 1 through 36 as though set forth in full herein.

38. Plaintiff is in a protected class because she is a female and because she engaged in protected activity under Title VII by making informal and formal complaints

of sexual harassment and gender discrimination to the Administrator of DOCC, Defendant Scott Lesher and because she participated in the EEOC process by filing a Charge of Discrimination.

39. Plaintiff at all times performed her job duties in an excellent and satisfactory manner.

40. Plaintiff was subjected to materially adverse employment actions subsequent to her complaints in that Defendant DOCC, through Defendant Lesher and Tornini, disciplined, suspended, and ultimately terminated Plaintiff's employment.

41. Defendant DOCC's stated reason for the materially adverse employment actions is pretextual and not worthy of belief.

42. Following Plaintiff's termination, her job was not eliminated.

43. As a direct and proximate result of Defendant DOCC's retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, lost medical treatment due to the loss of benefits, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant DOCC as follows:

(a) That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(b) That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of the trial;

(c) That Defendant be ordered to reinstate Plaintiff to the position and compensation package she held at the time of her termination or, in lieu of reinstatement, front pay for a period of years that the Court determines just, equitable, and sufficient to make Plaintiff whole;

(d) That Defendant be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(e) That Defendant be ordered to pay pre- and post-judgment interest;

(f) For such other and further relief as the Court deems just and proper, including reinstatement or front pay in lieu of reinstatement and a tax gross-up due to adverse tax consequences of receiving her ordinary salary in a lump sum payment at the time of judgment.

### SECOND CAUSE OF ACTION AGAINST DOCC – INTENTIONAL DISCRIMINATION IN VIOLATION OF TITLE VII

44. Plaintiff incorporates by reference Paragraphs 1-43 as though set forth in full herein.

45. Plaintiff was at all relevant times in a protected class under Title VII because she is a female.

46. Plaintiff was at all relevant times performing her job duties in a satisfactory manner.

47. Plaintiff was subjected to disparate treatment, including termination, because of her gender, female.

48. Defendant DOCC's stated reason for the materially adverse employment actions is pretextual and not worthy of belief.

49. Following Plaintiff's termination, her job was not eliminated.

50. As a direct and proximate result of Defendant DOCC's intentional discrimination against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, lost medical treatment due to the loss of benefits and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant DOCC as follows:

(a) That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(b) That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of the trial;

(c) That Defendant be ordered to reinstate Plaintiff to the position and compensation package she held at the time of her termination or, in lieu of reinstatement, front pay for a period of years that the Court determines just, equitable, and sufficient to make Plaintiff whole;

(d) That Defendant be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(e) That Defendant be ordered to pay pre- and post-judgment interest;

(f) For such other and further relief as the Court deems just and proper, including reinstatement or front pay in lieu of reinstatement and a tax gross-up due to adverse tax consequences of receiving her ordinary salary in a lump sum payment at the time of judgment.

### THIRD CAUSE OF ACTION AGAINST LESHER AND TORNINI – DEFAMATION UNDER OKLAHOMA COMMON LAW

51. Plaintiff incorporates by reference Paragraphs 1-49 as though set forth in full herein.

52. Plaintiff was at all relevant times a private figure and not a public figure.

53. Defendants Lesher and Tornini published false and defamatory statements to third parties outside of DOCC about Fazendin, in that they have stated that Plaintiff Fazendin made a series of unprofessional, profanity-laced telephone calls from a departmental telephone during the work day.

54. Defendants Lesher and Tornini knew or should have known that the statements they published to other third parties were false and defamatory, in that they knew that Plaintiff's phone records objectively demonstrated she did not make the phone calls.

55. Defendants Lesher and Tornini's false and defamatory statements tended to directly injure Plaintiff in her profession.

56. As a direct and proximate result of these Defendants' unprivileged, intentional, malicious, and willful publication of defamatory statements as aforesaid, Plaintiff has suffered economic loss, mental anguish and emotional distress, anxiety, sleeplessness, humiliation, embarrassment, injury to professional reputation, and lost enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

57. Plaintiff also seeks punitive and exemplary damages against Defendants Lesher and Tornini.

WHEREFORE Plaintiff Meredith Fazendin prays for judgment against Defendants Scott Lesher and Ruben Tornini, and each of them, jointly and severally, as follows:

(1) For her actual damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

(2) For punitive and exemplary damages in an amount as determined by the jury at the time of trial;

(3) For interest thereon as provided by law, both pre-judgment and post-judgment;

(4) For her costs; and

(5) For such other and further relief as the Court deems just and proper.

Dated this 30th day of November, 2017.

RESPECTFULLY SUBMITTED,

/s/ Barrett T. Bowers
Stanley M. Ward, OBA#9351

Woodrow K. Glass, OBA#15690<br>
Barrett T. Bowers, OBA#30493<br>
WARD & GLASS, L.L.P.<br>
1601 36th Ave. NW, Ste. 100<br>
Norman, Oklahoma 73072<br>
(405) 360-9700 – T<br>
(405) 360-7902 – F<br>
barrett@wardglasslaw.com

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**